# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBIN FISHER and LAURIE FISHER,**

    **Plaintiffs,**

**v.**                                                    **Case No: 6:18-cv-1539-Orl-31GJK**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER

This Matter comes before the Court on the Government's Motion to Dismiss (Doc. 11), the Plaintiffs' Response in Opposition (Doc. 16), the Government's Reply (Doc. 18), the Plaintiffs' Supplemental Response (Doc. 32), and the Government's Supplemental Reply (Doc. 33).

### I. Background

The instant suit arises out of an incident that occurred at a beach access area known as "Tables Beach," a facility maintained by the United States Air Force. Doc. 1 ¶ 9. The Plaintiffs visited Tables Beach on or about October 5, 2015. *Id.* ¶ 13. During the visit, Plaintiff Robin Fisher slipped and fell in the shower, sustaining "serious bodily injuries." *Id.* The Plaintiffs later filed the Complaint, and the Government filed a Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Initially, the Court declined to rule on the instant Motion in order to give the Plaintiffs the opportunity to conduct some jurisdictional discovery.

### II. Legal Standards

#### A. Motion to Dismiss

Jurisdictional motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) come in two forms. First, there are "facial attacks," which "require the court merely to look and see if the

plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A court assessing a "facial attack" on jurisdiction is to assume the allegations in the complaint are true and not to look outside the pleadings and attached exhibits. *See id.* Second, there are factual attacks, which challenge the factual basis asserted for jurisdiction. *Id.* If a factual attack on jurisdiction regards an issue reasonably distinct from the merits, the court may weigh conflicting written and oral evidence and decide for itself whether jurisdiction exists. *See, e.g. Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512–13 (5th Cir. 1980). If a Court treats a 12(b)(1) motion as a factual challenge, the plaintiff must be given an opportunity for discovery. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1247 (11th Cir. 2007); *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

### B. Federal Tort Claims Act

"'The FTCA is a specific, congressional exception' to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). "The FTCA provides that the United States may be sued for actions in negligence if a private party would be subject to suit in the same circumstances." *Fernandez v. United States*, No. 18-10305, 2019 WL 1130355, at *1 (11th Cir. Mar. 12, 2019) (citing 28 U.S.C. § 1346(b)(1)). The law applicable to an FTCA claim is the law of the state where the tortious act occurred. 28 U.S.C. 1346(b)(1); *see also Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). All the events in the current case occurred in Florida; thus, Florida law applies.

### III. Analysis

The Government argues that the Court lacks subject matter jurisdiction because the Florida Recreational Use statute, codified at Section 375.251, immunizes it against liability for the Plaintiffs' injuries. Doc. 11 at 1. Section 375.251 limits liability against those who make areas available for public recreational use, subject to certain limitations on commercial activity. *See Fernandez v. United States*, No. 18-10305, 2019 WL 1130355, at *2-3 (11th Cir. Mar. 12, 2019). The Government has presented evidence that the North Beach Picnic Area, where the outdoor showers at issue are located, is free and open to the public. There is no evidence that suggests that any commercial activity was taking place in the North Beach Picnic Area at the time of the incident. While the pavilion in the North Beach Picnic Area was later rentable for a fee, there was no fee for reserving it in October of 2015. Doc. 33-1 at 8. There were no concessionaires operating at the North Beach Picnic Area in October of 2015. Doc. 33-1 at 10.

The Plaintiffs argue that beach equipment rentals, located about a mile away from Tables Beach, constituted sufficient commercial activity to render Section 375.251 inapplicable. But if that were the case, the exception would swallow the rule. Many beach equipment rentals, such as water bikes and kayaks, are designed to be used for recreational travel in the ocean. And the jurisdictional evidence shows that renters were permitted to take the equipment anywhere in the world, so long as they returned it.

The Plaintiffs also argue that they should be classified as invitees rather than members of the general public, removing them from the scope of Section 375.251. However, the North Beach Picnic Area and Tables Beach were free and open to the public, so the Plaintiffs cannot be properly considered invitees.

Accordingly, the Government is immune from liability, and the Court lacks subject matter jurisdiction over the instant case.

### IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss (Doc. 11) is **GRANTED**. This case is **DISMISSED** for lack of subject matter jurisdiction and the clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 13, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party